UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MARY HOWELL, Individually, And As Mother And Personal Representative Of The Estate of WALLACE TREMAINE HOWELL III, And WALLACE HOWELL, Individually, And As Father And Personal Representative Of The Estate Of WALLACE TREMAINE HOWELL III, And PRECIOUS WAITES, Individually, And As Daughter And Personal Representative Of The Estate Of WALLACE TREMAINE HOWELL III<br>*Plaintiffs*<br><br>vs.<br><br>ECTOR COUNTY SHERIFF'S OFFICE, And ECTOR COUNTY, TEXAS<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>7:22-cv-00141 |

## ORIGINAL COMPLAINT

**COMES NOW**, MARY HOWELL ("Mary Howell" or "Mary"), Individually, And As Mother And Personal Representative of the Estate of Wallace Tremaine Howell III, deceased, And WALLACE HOWELL ("Wallace Howell" or "Wallace"), Individually, And As Father And Personal Representative of the Estate of Wallace Tremaine Howell III, deceased, And PRECIOUS WAITES ("Precious Waites" or "Precious"), Individually, And As Daughter And Personal Representative of the Estate of Wallace Tremaine Howell III, deceased, collectively Plaintiffs in the above-styled and numbered cause, by and through their undersigned counsel, and file this *Original Complaint* against the ECTOR COUNTY SHERIFF'S OFFICE ("ECSO") and against

ECTOR COUNTY, TEXAS ("Ector County"), collectively "Ector County" or "Defendants", and state as follows:

## I. **INTRODUCTION**

On or about June 15, 2020, following a road-side stop by law enforcement, thirty-eight year old black male Wallace Tremaine Howell III ("Tremaine Howell" or "Tremaine") was arrested on an allegation of speeding and evading arrest, was transported to the Ector County Jail, and was booked into the jail by the Ector County Sheriff's Office. A fight ensued between Tremaine and another inmate. Tremaine was beaten, tased, dry-shocked, OC/pepper sprayed, and restrained by the Ector County Sheriff's Office personnel. At approximately 0615 hours on June 15, 2020, Tremaine was found unresponsive in an Ector County Texas jail cell. Tremaine was then transported by ambulance to MCH ER, where he was subsequently pronounced deceased at 0713 hours. In its June 15, 2020 Press Release, the Ector County Sheriff's Office stated the Texas Rangers were notified, and that the Ector County Sheriff's Office would fully cooperate with the investigation being conducted by the Texas Rangers. The Ector County District Attorney Bobby Bland presented the case to the grand jury, which 'no-billed' on September 1, 2020. Ector County District Attorney Bobby Bland subsequently stating in a press release that "… the use of force by some of the officers involved in this case was excessive and should be reviewed by the Ector County Sheriff's Office." As a result or Tremaines tragic and untimely death, Tremaine's mother Mary Howell, father Wallace Howell, and daughter Precious Waites bring this action for damages pursuant to 42 U.S. Code §1983, U.S. Constitiutional violations (including 4th Amendment and 8th Amendment claims), survivorship, wrongful death, and negligence claims.

## II.   JURISDICTION

1   This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. §1983 and 1988.  28 U.S.C. §1391 as Defendants reside, and the acts asserted arose, in the Western District of Texas, as hereinafter more fully appears.

2   Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to adjudicate pendent claims arising under the laws of the State of Texas and seek recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

3   The amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.   VENUE

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391, as Defendants reside, and all or a substantial portion of the acts and omissions asserted herein arose in the Western District of Texas.

## IV.   PARTIES

5.   Plaintiff Mary Howell is the mother of Tremaine Howell, and is a resident and citizen of Texas.

6.   Plaintiff Wallace Howell is the father of Tremaine Howell, and is a resident and citizen of Texas.

7.   Plaintiff Precious Waites is the daughter of Tremaine Howell, and is a resident and citizen of Texas.

8. Defendant Ector County Sheriff's Office is located at 2500 South US Hwy 385, and may be served through its registered agent, or wherever it may be found.

9. Defendant Ector County, Texas is located at 2500 South US Hwy 385, and may be served through its registered agent, or wherever it may be found.

## V. CONDITIONS PRECEDENT

10. All conditions precedent have been performed, waived, or excused.

## VI. FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. On or about June 15, 2020, following a road-side stop by law enforcement, thirty-eight year old black male Wallace Tremaine Howell III ("Tremaine Howell" or "Tremaine") was arrested on an allegation of speeding and evading arrest, was transported to the Ector County Jail, and was booked into the jail by the Ector County Sheriff's Office.

12. At all times relevant, personnel at Ector County were required to keep Tremaine Howell safe and free from psychological injury or harm.

13. At all times relevant, personnel at Ector County were required and obligated to visually check on inmates every sixty minutes, or every thirty minutes for those inmates at increased risk.

14. Despite their knowledge of this duty, and the lack of surveillance devices that would assist in the fulfillment of this duty, Ector County failed to meet this requirement.

15. At all times relevant, personnel at Ector County were required to screen and evaluate Tremaine Howell on an ongoing basis.

16. At all times relevant, personnel at Ector County were required to train its jail personnel on methods and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, or death.

17. Following Tremaine's June 15, 2020 booking into the jail, a fight ensued between Tremaine and another inmate.

18. Following the June 15, 2020 fight between Tremaine and another inmate, Tremaine was beaten, tased, dry-shocked, OC/pepper sprayed, and restrained by the Ector County Sheriff's Office personnel.

19. At approximately 0615 hours on June 15, 2020, Tremaine was found unresponsive in an Ector County Texas jail cell.

20. After being found unresponsive in an Ector County Texas jail cell on June 15, 2020, Tremaine was then transported by ambulance to MCH ER, where he was subsequently pronounced deceased at approximately 0713 hours.

21. In its June 15, 2020 Press Release, the Ector County Sheriff's Office stated the Texas Rangers were notified of Tremaine Howell's June 15, 2020 death at the Ector County Jail, and that the Ector County Sheriff's Office would fully cooperate with the investigation being conducted by the Texas Rangers.

22. The Ector County District Attorney Bobby Bland presented the case to the grand jury, which 'no-billed' on September 1, 2020. Ector County District Attorney Bobby Bland subsequently stated in a press release that "… the use of force by some of the officers involved in this case was excessive and should be reviewed by the Ector County Sheriff's Office."

23. Each of the Ector County Defendants caused, and is responsible for, the unlawful conduct described herein, and resulting injuries by, among other things, the unlawful conduct,

acts or omissions, or acting jointly with the others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that led to the unlawful conduct; by failing and refusikng with deliberate indifference to Tremaine Wallace's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

24. Defendants Ector County used excessive force against Tremaine Howell, resulting in the serious bodily injury and death of Tremaine Howell.

25. Defendants were deliberately indifferent to protecting Tremaine Howell from harm and failed to prevent said harm, further failed to provide urgently needed medical care, and their conduct was unreasonable in failing to protect Tremaine Howell.

26. The Texas Administrative Code provides rules and regulations required under the Texas Commission on Jail Standards that must be followed by each Texas public safety correctional facility and jail. Texas Administrative Code Title 37 directed Defendants Ector County and its personnel, employees, and agents to follow several statutory requirements in their care, custody and treatment of Tremaine Howell, including but not limited to not using excessive force against Tremaine Howell; having an established procedure for documented, face-to-face observation of all inmates by jailers no less than once every 60 minutes; and, developing and implementing an objective plan that includes principles, procedures, instruments and explanations for classification assessments, housing assignments, reassessments, and inmate needs.

27. During all relevant times, Defendants Ector County were aware of, and responsible for, complying with the aforementioned rules. Despite Defendants' knowledge of this duty and obligation, personnel, agents, and employees of Defendants Ector County deliberately abdicated

their responsibilities for the safety, security, and welfare of detainees and instead used excessive force against Tremaine Howell, eventually causing the death of Tremaine Howell.

28. As a result of Tremaine's tragic and untimely death, Tremaine's mother Mary Howell, father Wallace Howell, and daughter Precious Waites bring this action for damages pursuant to 42 U.S. Code §1983, U.S. Constitiutional violations (including 4th Amendment and 8th Amendment claims), survivorship, wrongful death, and negligence claims.

## VII. CAUSES OF ACTION & DAMAGES

29. Plaintiffs repeat, reallege, and fully incorporate each and every allegation contained in the above paragraphs of this Complaint as though such allegations were fully set forth herein.

30. By and through its agents and/or employees, Defendants Ector County, acted contrary to the law, and negligently, intentionally and unreasonably deprived Tremaine Howell of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

31. The above described acts and omissions by Defendants demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Tremaine Howell.

32. On or about June 15, 2020, Defendants Ector County's personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling of inmates through force, in violation of 37 Texas Administrative Code, the Texas Local Government Code, and the Texas Government Code,.

33. On or about June 15, 2020, Defendant Ector County's facility failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once

every 60 minutes and at least every 30 minutes when an inmate is known to be in potential harm to himself or others, in violation of 37 Texas Administrative Code, the Texas Local Government Code, and the Texas Government Code.

34. As a result of the violation of Tremaine Howell's constitutional rights by Defendants Ector County's agents and/or employees Tremaine Howell suffered substantial injuries, damages and ultimately, death.

35. On or about June 15, 2020, at various points in time, Tremaine Howell was not adequately monitored while in custody.

36. On or about June 15, 2020, Defendants Ector County's personnel were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Tremain Howell to keep him safe and secure.

37. On or about June 15, 2020, Defendants Ector County's personnel were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Tremaine Howell in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

38. On or about June 15, 2020, Defendants Ector County's personnel were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Tremaine Howell when he was injured.

39. Defendants Ector County deprived Tremaine Howell of his rights guaranteed by the United States Constitution and federal statutes.

40. As a direct and proximate result of the foregoing, Defendants Ector County scaused Tremaine Howell to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount to be proven at trial.

41. The claims and causes of action for injuries to the health, reputation and person sustained by Tremaine Howell are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

42. The claims and causes of action for the wrongful death of Tremaine Howell are brought be his mother Mary Howell, his father Wallace Howell, and his daughter Precious Waites on behalf of themselves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

43. The actions of Defendants, which resulted in Tremaine Howell's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendants Ector County their correction department, their Boards, their Personnel Division, their agents, and/or its officials.

44. Defendants Ector County, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Tremaine Howell's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendants Ector County and their agents and/or officials had interrelated *de facto* policies, and customs.

45. All of the policies set forth above were adopted, implemented, supplemented, reinforced, promulgated, and effected, as a further matter of custom, practice, and policy, also a driving force in Tremaine Howell's suicide, by means and failure of the Defendants Ector County to hire, train, discipline and supervise Defendants' staff, in accordance with proper principles.

46. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and were unreasonable.

47. Further the constitutional violations and damages to Tremaine Howell as described herein were directly and proximately caused by: The unofficial and/or official, tacit and/or expressed; and otherwise unconstitutional policies of authorized policy makers of the Defendants, who deliberately ignored subjecting detainees to unreasonable risk of harm, deliberately ignored violations of appropriate intake and screening procedures, and deliberately failed to supervise and control correctional officers so as to prevent violations of detainees' rights.

48. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged the Defendants to commit the aforesaid acts against Tremaine Howell and therefore acted as direct and proximate causes of said constitutional violations, and resulting injuries.

49. The foregoing policies, practices, customs and omissions, maintained by Defendant DFW Airport Board violated Tremaine Howell's constitutional rights.

50. In the events alleged above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Tremaine Howell of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

51. The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Tremaine Howell.

52. On or about June 15, 2020, at various points in time, Defendants used excessive force against Tremaine Howell, and Tremaine Howell was not adequately monitored while in custody.

53. On or about June 15, 2020, Defendants' personnel were willful, wanton, and reckless in failing to provide adequate monitoring of Tremaine Howell to keep him safe and secure.

54. On or about June 15, 2020, Defendants' personnel were willful, wanton and recklessly exhibited a conscious disregard for the safety of Tremaine Howell in failing to keep him free from injury, harm, and death.

55. On or about June 15, 2022, Defendants' personnel were willful, wanton, and reckless, in exhibiting a conscious disregard for the safety of Tremaine Howell in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

56. As a direct and proximate result of the foregoing, Defendants deprived Tremaine Howell of his rights and privileges as a citizen of the United States, and caused Tremaine Howell to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

57. The claims and causes of action for injuries to the health, reputation, and person sustained by Tremaine Howell are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

58. The claims and causes of action for the wrongful death of Tremaine Howell are brought by Plaintiffs on behalf of themselves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

59. The above-described acts and omissions by Defendants demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Tremaine Howell.

## VIII.  DAMAGES

60.  Based upon the foregoing paragraphs, fully incorporated herein, Plaintiffs demand judgment against Defendants for damages in the amount of at least $10,000,000, and punitive damages, or in an amount to be determined by the trier of fact, and such other and further relief be granted to which Plaintiffs may be justly entitled, at law and equity.

## VIII.  JURY DEMAND

61.  Pursuant to the Seventh Amendment to the United States Constitution, and Federal Rule of Civil Procedure 38, Plaintiff respectfully requests trial by jury in this matter.

## IX. PRAYER

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages in the amount of at least $10,000,000, and punitive damages, or in an amount to be determined by the trier of fact, and such sother and further relief be granted to which Plaintiffs may be justly entitled, at law and equity.

Date: June 15, 2022

> **Respectfully Submitted,**
>
> */s/ Paul K. Stafford*
> **STAFFORD MOORE, PLLC**
> Paul K. Stafford
> State Bar No. 00791716
> paul@staffordmoore.law
> Justin A. Moore
> State Bar No. 24088906
> justin@staffordmoore.law
> 325 N. St. Paul Street, Suite 2210
> Dallas, Texas 75201
> Phone (Main): 214-764-1529
> Phone (Direct): 214-764-1531
> Facsimile: 214-580-8104
>
> **ATTORNEYS FOR PLAINTIFFS**